| TOBIAS, J.,
concurring.
I find that our ruling respecting assignments of error numbers 1 and 4 are sufficient grounds to reverse the defendant’s conviction and order a new trial. No need exists to address the defendant’s other assignments of error.
However, I writ a separate opinion to address the “fruits of investigation” exception to the hearsay rule because my view of the exception is slightly different than those expressed in the other concurring opinion.
*402 The prosecutor knew that Ms. Allen, the defendant’s wife, would not testify because of the spousal privilege of La. C.E. art. 505. The prosecutor also knew that the defendant’s mother-in-law had not been subpoenaed and would not testify. Therefore, references in the State’s opening statement as to what was told to the police by the defendant’s wife and mother-in-law was an improper reference to evidence excluded by the hearsay rule. La. C.E. art. 607B specifies when a party may attempt to impeach or support a witness’ credibility. It is improper under the language of Article 607 to attack a witness’ credibility before the witness is sworn.
State v. Broadway, 96-2659, pp. 8-9 (La.10/19/99), 753 So.2d 801, 809, cert. denied, Broadway v. Louisiana, 529 U.S. 1056, 120 S.Ct. 1562, 146 L.Ed.2d 466 (2000), specifically addresses the “fruits of investigation” exception wherein the Court stated:
| ^.Information about the course of a police investigation is not relevant to any essential elements of the charged crime, but such information may be useful to the prosecutor in “drawing the full picture” for the jury. However, the fact that an officer acted on information obtained during the investigation may not be used as an indirect method of bringing before the jury the substance of the out-of-court assertions of the defendant’s guilt that would otherwise be barred by the hearsay rule. State v. Wille, 559 So.2d 1321, 1331 (La.1990); State v. Hearold, 603 So.2d 731, 737 (La.1992). As this Court emphasized in Hearold, 603 So.2d at 737,
Absent some unique circumstances in which the explanation of purpose is probative evidence of a contested fact, such hearsay evidence should not be admitted under an “explanation” exception. The probative value of the mere fact that an out-of-court declaration was made is generally outweighed greatly by the likelihood that the jury will consider the statement for the truth of the matter asserted.
The prosecutor has some latitude to present a full picture because the jury may “penalize the party who disappoints them by drawing a negative inference against that party.” Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 654, 136 L.Ed.2d 574 (1997). Reasonable jurors may expect to learn that the police did not arrest the defendant out of thin air, but as the result of a thorough professional investigation.
The record clearly demonstrates that the prosecution used a police officer’s testimony to get before the jury evidence that was inadmissible hearsay. The evidence could have been appropriately obtained from the testimony of the defendant’s mother-in-law, and inaccuracies in her testimony could then be rebutted by the testimony of the officer.